# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN HAMPTON,** | : | CIVIL NO. 1:14-CV-1367 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL,** *et al.*, | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Shawn Hampton ("Hampton"), an inmate currently confined at the Rockview State Correctional Institution in Bellefonte, Pennsylvania ("SCI-Rockview"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding *via* an amended complaint, wherein Hampton alleges that defendants' failure to provide him adequate medical services violated his constitutional rights, and his rights under the Americans with Disabilities Act and the Rehabilitation Act. (Doc. 13). The remaining defendants are Wetzel, Williams, Harpster, Glunt and McHenry (collectively, "Commonwealth defendants"), and Bernard and Koltay, physician assistants at SCI-Rockview.

Presently pending before the court is Hampton's motion (Doc. 67) to compel discovery. For the reasons set forth below, the court will deny the motion.

I.      **Motion to Compel Discovery**

   A.      **Standard of Review**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosure or discovery of the materials sought.  See FED. R. CIV. P. 37(a).  The moving party must demonstrate the relevance of the information sought to a particular claim or defense.  The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper.  Goodman v. Wagner, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial."  Hickman v. Taylor, 349 U.S. 495, 501 (1947).  The procedural rule defining the scope and limits of discovery provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Information within this scope of discovery need not be admissible in evidence to be discoverable."  FED. R. CIV. P. 26(b)(1).  "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted.  The presumption that such matter is discoverable, however, is defeasible."  Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).  Furthermore, the court may limit discovery where: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain

2

the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

**B.     Discussion**

Hampton served interrogatories on each of the Commonwealth defendants as well as requests for production of documents. The Commonwealth defendants assert that they answered all interrogatories, and submitted responses to the requests for production of documents. (Doc. 76). The Commonwealth defendants acknowledge that some of their responses contain objections, which they assert are meritorious. (Id.)

In the instant motion to compel discovery, Hampton states, "as of the date of this filing, . . . , PLAINTIFF HAS STILL NOT RECEIVED THE REQUESTED DOCUMENTS." (Doc. 67, ¶ 22). The Commonwealth defendants argue that, in light of this statement, Hampton's motion was prematurely filed. The court agrees. At the time Hampton filed his motion to compel, he acknowledges that he had not received or reviewed the requested information. Thus, Hampton could not possibly claim that the Commonwealth defendants did not provide him with the requested information.

Hampton further complains that the Commonwealth defendants provided responses to the requests for production to the Superintendent's Assistant at SCI-Rockview, rather than providing the documents directly to him. (Doc. 67, ¶¶ 7-8). The Commonwealth defendants represent that they have made the requested discovery available to Hampton in accordance with the institutional requirements. (Doc. 76, at 3). The court finds that this method of production provides inmates

with a reasonable amount of time to examine and inspect requested documents, in accordance with Department of Corrections' policies. See Victor v. Varrano, 2012 WL 1514845 (M.D. Pa. 2012) (finding that requiring an inmate to submit an Inmate Request to Staff to the Superintendent's Assistant to examine documents "is a fitting and proper procedure for [an inmate] to follow in securing access to [his] medical records").

Hampton also asserts that the Commonwealth defendants have provided inadequate responses to his interrogatories. (Doc. 67, ¶ 5). Hampton does not indicate which interrogatory responses he deems inadequate. In response, the Commonwealth defendants state that they provided answers to nearly all interrogatories, including answers accompanying their objections, and have produced 391 pages of documents. (Doc. 76, at 3, 5). The court accepts defendants' representation that they have provided answers to Hampton's interrogatories. Upon consideration of Hampton's blanket request for answers to his interrogatories, the court will not issue a general order directing the defendants to re-answer every interrogatory posed.

Consequently, the motion to compel discovery will be denied.

**II.    Request for Sanctions**

Federal Civil Procedure Rule 11 is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). Specifically, Rule 11 requires that an attorney certify

4

that any pleading, written motion or other paper presented to the court is not presented for any improper purpose such as to harass or increase the costs of litigation, and the legal contentions contained "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law." FED. R. CIV. P. 11(b)(1), (2). Rule 11 sanctions are "aimed at curbing abuses of the judicial system," Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 397 (1990), and "intended to discourage the filing of frivolous, unsupported, or unreasonable claims," Leuallen v. Borough of Paulsboro, 180 F. Supp. 2d 615, 618 (D.N.J. 2002).

A Rule 11 analysis requires the court to first determine whether the party filing the Rule 11 motion complied with the "safe harbor" provision of Rule 11(c)(2). Under that provision, a party cannot file a motion for sanctions until it first presents the motion to the offending party, and allows 21 days for the other party to withdraw or correct the challenged issue. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008) (citing FED. R. CIV. P. 11(c)(2)). Further, pursuant to Federal Rule of Civil Procedure 11(c)(2), "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2).

Hampton's request for sanctions is procedurally inadequate because it was not made separately from any other motion, and there is no indication that it was ever served on defendants. See FED. R. CIV. P. 11(c)(2). Consequently, the request for sanctions will be denied.

### III. **Conclusion**

Based on the foregoing, Hampton's motion (Doc. 67) to compel discovery and request for sanctions will be denied.

An appropriate order shall issue.

          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania

Dated:     March 7, 2017