# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAWN HAMPTON,** | : | CIVIL NO. 1:14-CV-1367 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **JOHN WETZEL**, *et al.*, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 5th day of September, 2018, upon consideration of Hampton's motion (Doc. 100) for reconsideration, and it appearing that Hampton fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (stating that the three major grounds include: "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice." ), but, instead, simply disagrees with the court's decision and

reargues matters already disposed of by the court,[1] see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments

---

[1] In the instant motion, Hampton contends that Dr. Ekizian, who is not a party to this action, prescribed him Tylenol, and that defendant Bernard stopped that prescription. In support of this contention, Hampton submits a June 2014 Medication Administration Record ("MAR") in an effort to establish that defendants "lied" about not canceling Dr. Ekizian's June 3, 2014 order for Tylenol. (Doc. 101 at 2). The MAR reveals that on June 3, 2014, Dr. Ekizian prescribed Extra Strength Tylenol to Hampton that was set to expire on August 31, 2014. (Doc. 103 at 4; Doc. 104-1 at 8, 12). On June 20, 2014, Dr. Ekizian discontinued the prescription for Extra Strength Tylenol, and changed the prescription to regular Tylenol, which was set to expire on October 17, 2014. Id. On June 25, 2014, Dr. Ekizian discontinued the prescription. Id. Also on June 25, 2014, Deborah L. Barndt, who is not a party to this action, prescribed regular Tylenol until October 22, 2014, but discontinued the prescription on July 10, 2014. Id. The MAR thus reveals that neither defendant Bernard, nor any of the other named defendants, were involved in the decisions to discontinue Hampton's Tylenol prescription. Id.

Furthermore, the court previously found that although Hampton had a prescription for Tylenol, defendant Bernard did not exhibit deliberate indifference to Hampton's medical needs when she advised him to obtain over-the-counter medication from the commissary in accordance with official prison policy. (Doc. 98 at 10, 36). The evidence establishes that defendant Bernard continually *encouraged* Hampton to take Tylenol and, pursuant to prison policy, all inmates are to purchase over-the-counter medication, such as Tylenol, from the commissary. (Doc. 98 at 35-36; Doc. 82 at 45, 50). The court finds that its previous order is not troubled by manifest errors of law or fact and Hampton has not presented any evidence, which if previously presented, might have affected the decision.

considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that the motion (Doc. 100) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania